**'09 - CV - 00597**

IN THE FEDERAL DISTRICT COURT
IN AND FOR EL PASO COUNTY, COLORADO SPRINGS
CIVIL AND CRIMINAL DIVISION

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 19 2009

GREGORY C. LANGHAM
CLERK

Lawsuit Cases: 05-OES-715, 1:05-CV-00715-MSK-MJW

Decision: Parties did not show for court except for Mr. Dunlap was present for federal court, and since Mr. Dunlap's paid retained counsel Jimmy A. Holden did not show up for the case, it was dismissed without prejudice. Mr. Dunlap believed his rights to due process were violated but Mr. Dunlap was incapacitated.

File No: 04M002707, and 01CR1616

New case number: _____

RECEIVED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 11 2009

GREGORY C. LANGHAM
CLERK
BY_____

Injured Party,
William W. Dunlap, Plaintiff,

v.

Willful Wrongdoers,
United States of America,
United States Government,
United States Attorney,
Office of Attorney General,
Colorado District Attorney,
State of Colorado,
City of Colorado Springs,
Colorado Springs Police Department,
Portia Robin Ford-Dunlap,
Eric Reed,
Kristen Buckley,
Internal Revenue Service,
Berkshire Apartments,
Secret Service,
Colorado Department of Corrections, Adult Division of Parole and Community Corrections,
Bridget Collins,
Officer McCormick,
Shana Schaffer,
Department of Corrections San Carlos,
Criminal Justice Center,
Cricket Communications,
T-Mobile,
Verizon Wireless,
E-insurance,
Nancy Alexberg,
TCF National Bank,
University of Phoenix,

U.S. Department of Education,
Lincoln Springs Apartments,
ENT Federal Credit Union,
Wal-Mart,
King Supers,
Hewlett Packard,
Oracle Corporation,
Financial Management Service, Bureau of the United States Department of Treasury,
Department of Revenue,
JOHN DOES, to be joined to this civil action,
El Paso County Judicial Building,
and ET. AL, Defendant(s).

## WRIT OF EXECUTION COMPLAINT TO ANY U.S. MARSHAL IN ANY JURISDICTION

PLAINTIFF Injured Party sues Willful wrongdoers and states:

### JURISDICTIONAL ALLEGATIONS

Mr. Dunlap brings this Civil Suit for Unlawful imprisonment over 2 and half years and Slavery.

Equal Protection Clause - 14th Amendment right violation of Due process.

This action is for damages exceeding $500,000.

The relocation of the Black Afro-Americans and Native Americans to Territory that does not exist became known as "The Trail of Tears" removal from the State of Colorado because there Officers do not have any jurisdiction according to officers under its laws and Territory of the Unites States to uphold and defend the United States Constitution, and Colorado Constitution for paid services and accommodations a violation of the Americans with Disabilities Act of 1990 ["ADA"].

Plaintiff is a resident of El Paso County.

Defendants are a resident of El Paso County and inside the United States of America and its borders.

Defendant's intentional acts in El Paso County directly and indirectly caused plaintiff damages in El Paso County.

This action is brought pursuant to the Civil Provisions of Title 18 USC §1961-1968 and the Jurisdiction vested therein, and 28 USC §1331, 1332, 1343. Also TITLE 42 U.S.C. 1983 - Civil action for deprivation of rights, TITLE 18 U.S.C. 241 - Conspiracy against rights, TITLE 18 U.S.C. 242. -Deprivation of Rights Under Color of Laws, TITLE 10 U.S.C. 333 - Emergency, Sections 1 and 2 Interference with Local, State, and Federal laws.

This Court has jurisdiction.

## GENERAL FACTUAL ALLEGATIONS

Around 7/29/04 thru 12/3/07 dismissed and closed not liable for Case 04M002707, and 01CR1616 which are dismissed and closed already.

Unlawfully incarcerated Mr. Dunlap over 30 times unlawfully on illegal arrest warrants, and false charges by Colorado Department of Corrections, Adult Division of Parole and Community Corrections, Department of Corrections San Carlos, Criminal Justice Center, and officers.

Officials at the El Paso County Judicial Building denied a verified criminal complaint and a forfeiture hearing because they did not respond, did not schedule a time date and place for a hearing and violated Federal Rules of Civil Procedure , Rule 4, Rule 5, Rule 12, and Rule 60.

Mr. Dunlap is directly and indirectly treated as a Slave has no bill of rights and the emancipation proclamation has no effect to protect Mr. Dunlap from the United States of America control under its laws and rights. Therefore Mr. Dunlap is but a Slave who rights under the laws are "lawless." Executive Order 13160.

Case or Reference #: 04M002707, and 01CR1616, which is one action and one alleged charge.

## CASE OPINION

No Jurisdiction on the Grounds of Motion for Forfeiture hearing violated on Jan 20, 2007 in State of Colorado District Court "res Judicta" in a civil and criminal proceeding in court failure of Statutory authority, policies, rules, rights, laws, and regulations therefore its "lawlessness". Failure to accept or deny a initiated petition and follow Rule 5, Rule 4d, Rule 12, and all Rule 60b(3)(4)(5)(6).

Tennessee v. Lane
Docket: 02-1667
Citation: 541 U.S. 509 (2004)
Petitioner: Tennessee
Respondent: George Lane, et al.

"the operation of the 'mandatory requirements of the Statute' falls to be determined by the Court in each case before it; and once the Court has determined, with the force of res judicata, that it has jurisdiction, then for the purposes of that case no question of ultra vires action can rise, the Court having sole competence to determine such matters under the Statute" (Judgment, paragraph 139).

There has been some measure of agreement between the Parties on this point. According to the Respondent

"For a State to be responsible under the Genocide Convention, the facts must first be established. As genocide is a crime, it can only be established in accordance with the rules of criminal law, under which the first requirement to be met is that of individual responsibility. The State can incur responsibility only when the existence of genocide has been established beyond all reasonable doubt. In addition, it must then be

shown that the person who committed the genocide can engage the responsibility of the State..." (CR 2006/18, p. 20, para. 38.)

"For a State to be responsible under the Genocide Convention, the facts must first be established. As genocide is a crime, it can only be established in accordance with the rules of criminal law, under which the first requirement to be met is that of individual responsibility. The State can incur responsibility only when the existence of genocide has been established beyond all reasonable doubt. In addition, it must then be shown that the person who committed the genocide can engage the responsibility of the State..." (CR 2006/18, p. 20, para. 38.)

What the Court should have said on the subject is, in my opinion, the following: a State fails its duty to prevent under the Genocide Convention if genocide is committed within the territory where it exercises its jurisdiction or which is under its control. Even if the perpetrators are not its organs or persons capable of engaging its responsibility under customary international law, the failure is still there. Even if the State in question takes the exhaustive measures required by the Convention, such as enactment of relevant legislation, should genocide occur within the territory under its jurisdiction or control, it still fails its duty to prevent. The duty to prevent is a duty of result and not one of conduct.

"That the FRY had the capacity to appear before the Court in accordance with the Statute was an element in the reasoning of the 1996 Judgment which can and indeed must be read into the Judgment as a matter of logical construction" (ibid., paragraph 135).

It is obvious that the notion of an "unstated element of the reasoning" is not compatible with Article 56 of the Statute, which provides that "[t]he judgment shall state the reasons on which it is based".

It should also be noted that the part of the 1996 Judgment dealing with jurisdiction ratione personae concerned only the question of whether the Applicant and the Respondent were parties to the Genocide Convention, and the assumption of that Judgment was that the Convention satisfies the requirement of Article 35, paragraph 2, of the Statute, and thus represents an independent and sufficient basis for the Respondent's access to the Court. This was in line with a provisional view which the Court had taken in the 1993 Order indicating provisional measures:

"proceedings may validly be instituted by a State against a State which is a party to such a special provision in a treaty in force, but is not party to the Statute, and independently of the conditions laid down by the Security Council in its resolution 9 of 1946" (Application of the Convention on the Prevention and Punishment of the Crime of Genocide, Provisional Measures, Order of 8 April 1993, I.C.J. Reports 1993, p. 14, para. 19).

That is why the Court did not address the uncertain and contradictory issue of the Respondent's access to the Court under Article 35, paragraph 1, either in 1993 or in 1996. However, in the 2004 Legality of Use of Force Judgments the Court addressed the issue of access under both Article 35, paragraph 1 and paragraph 2, and stated that the "treaty in force" clause, contained in paragraph 2, concerns only the treaties which were in force at the date of the entry into force of the Statute (Legality of Use of Force (Serbia and Montenegro v. Belgium), Preliminary Objections, Judgment, I.C.J. Reports 2004, pp. 323-324, para. 113).

The idea that the parallel reality, created by the Court, is as solid as the one existing independently from it, is expressed in the Judgment in no ambiguous terms:

"However fundamental the question of the capacity of States to be parties in cases before the Court may be, it remains a question to be determined by the Court, in accordance with Article 36, paragraph 6, of the Statute, and once a finding in favour of jurisdiction has been pronounced with the force of res judicata, it is not open to question or re-examination, except by way of revision under Article 61 of the Statute. There is thus, as a matter of law, no possibility that the Court might render 'its final decision with respect to a party over which it cannot exercise its judicial function', because the question whether a State is or is not a party subject to the jurisdiction of the Court is one which is reserved for the sole and authoritative decision of the Court." (Judgment, paragraph 138.)

Then, the Court affirms that it cannot possibly be acting ultra vires in establishing, by applying the principle of res judicata, its own parallel reality:

"the operation of the 'mandatory requirements of the Statute' falls to be determined by the Court in each case before it; and once the Court has determined, with the force of res judicata, that it has jurisdiction, then for the purposes of that case no question of ultra vires action can arise, the Court having sole competence to determine such matters under the Statute" (Judgment, paragraph 139).

The Court's line of argument is based on the notion of a general finding on jurisdiction reached in incidental proceedings being absolute and exhaustive in nature (it goes without saying that the Court's decisions on specific preliminary objections have the full authority of res judicata).

However, that clearly was not the view of the Court when it authorized the Registrar to inform the Respondent that:

"The Court moreover, as was in fact observed by Serbia and Montenegro in the 'Initiative' document, and as the Court has emphasized in the past, is entitled to consider jurisdictional issues proprio motu, and must 'always be satisfied that it has jurisdiction' (Appeal Relating to the Jurisdiction of the ICAO Council, I.C.J. Reports 1972, p. 52). It thus goes without saying that the Court will not give judgment on the merits of the present case unless it is satisfied that it has jurisdiction. Should Serbia and Montenegro wish to present further argument to the Court on jurisdictional questions during the oral proceedings on the merits, it will be free to do so." (Letter of 12 June 2003.)

## LETTER OF PROOF

Oct 31, 20-07, and June 25, 2008

SUBJECT: REPORTING OF TAX FRAUD BY INTERNAL REVENUE SERVICE

On May 22, 08, Mr. Dunlap sent Form 3949-A form for Tax Fraud to Supervisor, CEO of the Internal Revenue Service, located at Fresno, CA 93888 which they received according to delivery confirmation number 0307 3330 0000 3874 8096 who violated my rights on Oct 31, 2007 and violated my due process because a CDP hearing or lien notice was not notified or served within 30 days. Violating section 6325(a)

and Section 8.22.2.2 Collection Due process (CDP hearing under IRC 6330 and IRC 6320. Violation of due process TITLE 26 U.S.C. 7328 and 7329 a violation of the taxpayer identification number 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 and 00-210087-86567-8 for delaying, tax fraud, and obstructing justice for 7 long years. Mr. Dunlap Request's relief for violations in the amount of $250,170,160.00.

On 4/12/08 my taxes where filed electronically and my tax forms where mailed to the IRS. I am expecting a federal refund in the amount of $11,316.00. Also I am expecting a state refund in the amount of $5658.00.

I filed a tax form 3949A for tax fraud against the IRS because they failed to respond to my certified letters to resolve my tax issues dated 5/22/08, delivery Confirmation number 03073330000038748096.

I am requesting a Collection Due Process hearing which has not been held or scheduled and which is past 30 days violating my right to an appeal at the IRS for hearing and rights.  Please be advised that a crime by the IRS has been the reason for my email response and urgency

I received a letter from the IRS that I do not owe them any taxes but they have set my refunds to $0 dollars on taxable corrected wages by me that my Oracle employer failed to report to them.

Sincerely,

William W. Dunlap

## QUESTIONS PRESENTED

Why I am being taken advantage of on some trumped up charges which are already dismissed?

Mr. Dunlap is incapacitated under the American Disabilities Act of 1990 and can not represent myself. Due to a speech impairment and double closed head injury caused by police officers wantonly beating him which he later found out is Police Misconduct. See attached Exhibits Complaint to the El Paso City Attorney, Judges Orders, and Public apology.

Mr. Dunlap has no way to handle his personal affairs or personal activities because businesses public accommodations are blocked access to him throughout the State of Colorado.

Mr. Dunlap makes testimony and statements below:

I am blocked access to the court houses local, Federal, Supreme, County courts, and International courts and all filings with the court are destroyed in private by officers of the courts.

I can not get appointed counsel.

I can not get public defender.

I can not get legal services.

I can not get metro lawyers.

I can not get State public defenders office.

I can not get counsel at any stage of the court proceedings to represent me.

I am unlawfully imprisoned against my will in county jail and state prisons. I have no way to stop this abduction.

Since I can not defend myself I guess it's not my problem. This has happened to me over 30 times and I feel helpless.

I am being harmed physically, mentally, and emotionally and don't know where to turn to for unlawful abusive practices.

Mr. Dunlap has life threatening disabilities which affect his living conditions. Mr. Dunlap injuries

Mr. Dunlap can not get medical help or care and can not live without his medical prescriptions.

Mr. Dunlap is denied medical care in the State of Colorado.


Mr. Dunlap is being harassed, stalked, and retaliated against with violence by State of Colorado and Colorado Springs Police Departments.

Mr. Dunlap can not get an attorney or invoke his right to an attorney.

How can he represent himself in court?

How will I defend myself?

Who has jurisdiction because Mr. Dunlap does not know because he was told he does not have jurisdiction in the State of Colorado he physically lives in?

a. Also the States outside the State of Colorado are denying and depriving legal access and help.

b. Mr. Dunlap was born or resides or Lives in the United States of America under its laws and rights under its jurisdiction.

c. Mr. Dunlap was told by the State quote "We the State of Colorado have no jurisdiction to help you, a violation of services and accommodation laws the America Disabilities Act of 1990 and Freedom of Information Act.

d. Officers used TITLE 42 USC 1085(a)(1)(a) and (a)(1)(c) Federal Statute to deny jurisdiction which is not a factual statement made by Nancy Alexberg with the Office of protection and Advocacy.

e. In the State of Colorado and Connecticut State said we can not help you because of General Statute 4697. You have to physically reside in the state, but the state you physically reside in denies you jurisdiction and can not help you when it has jurisdiction to help you with legal representation which is not a factual statement made by officers.

## COUNTS: RECKLESS DISREAGRD OF RIGHTS, LAWS, AND INTENTIONAL NEGLIGENCE

-robbed me of two cars
-robbed me of my house and property
-robbed me of my bank funds
-took me against my will
-tried to shoot me at my home
-starved me in a steel room with no bathroom and food.
-Neglected my diabetes
-left me in a diabetic coma
-forced unknown medicine by using force and threats
-lied on a public record.
-falsified charges to cover up a hit on me.
-changed court records and tampered with evidence
-denied legal rights
-denied laws
-police assaulted and strangled with wire or baton.
-Denied awarded disability
-denied appeal rights
-violated hippa rights by disclosing personal medical information.
-Canceled awarded insurance
-took retro disability
-retained attorneys who did not show for court: Joe Black and Jimmy Holden and Michael Mchenry, and paid private counsel.

  * Investigators denying rights
  * Police denying rights
  * Secret Service violating search and seizure rights and violating right to be secure in home. Human trafficking and Miranda rights violated.

-violating bond
-over 15 false imprisonments
-15 officers in prison assaulting handcuffed individual
-Violating due process
-Not allowing information to be spoke
-Stealing evidence
-Destroying evidence
-Audio of assault, also tampering with audio recordings
-Police officer Kidnapped from TCF bank when funds were clear at personal bank of business
-Robbing personal funds at bank ENT Federal
-Issuing illegal orders with no due process.
-Private Court held.

-Falsifying public record to make up charge history.
-Impersonating police officers to extract from home an unlawful eviction entering residents without warrant or probable cause.
-Negligence of eye site correction and health care
-Caused physical harm and egregious internal bleeding an beat to the head causing head trauma.
-over 30 hospital visits due to the court system denying medical care and life, liberty and property.
-Robbed of over $1,000,000.00 in wages and caused me to loose a fortune 500 job I had been working for 5 years where I did not get paid my earned wages.

- Mislead on the fact he is an attorney failed to show to court a due process violation.

-Robbed by Jimmy A. Holden not an attorney unauthorized practice of law for $7000 dollars retainer.

-Other violations beyond the scope of war crimes.

1. Dismissal of ALL Felonies in 2003. False 911 Police report.
2. Perjury
3. Discrimination
4. Unlawful Eviction
5. Holding private hearings without defendant.
6. Tampering with public records and modifying public records
7. False statements
8. Abduction of defendant
9. Put to over 30 numerous double jeopardy's violation of Rule 5.
10. Harassment
11. Assault
12. Theft and Robbery of bank accounts
13. Collusion
14. Unlawful restraint
15. Restricting access to counsel by segregating defendant.
16. LAWLESSNESS

## GROUNDS FOR DISCRIMINATION ON THE BASIS OF CERTAIN ATTRIBUTES ARE PROHIBITED UNDER THE ANTI-DISCRIMINATION ACT 1991.

The Act prohibits discrimination on the basis of the following Attributes—

1. Race and Color

2. Mental impairment at Colorado Springs Police Department and Courts

3. Political belief or activity's at U.S. Government

4. Gender identity person's behavior

Motion for Res Judicta orders for failure to accept or deny initiated petitions in default.

Plaintiff's testimony of several crimes that is intentionally committed against plaintiff known as wrongful acts.

Officers are retaliating against Mr. Dunlap for trying to exercise his rights under the laws.

**WHEREFORE**, Plaintiff prays for an Order awarding money damages against Wrongdoer's in the amount requested for relief in default forfeiture letter and motion for forfeiture hearing requested through the IRS due process collection process for violations in the amount of
$250, 170, 263. 93 on Jan 20, 2007 in default injustice and judicial misconduct.

Katherine Szot, third party paralegal witness

Beyond reasonable proof and doubt to proof this case has been submitted to Jill Tranell, attorney TITLE 18 USC 1001.

Dated on: 2-16-2009

William W. Dunlap, Plaintiff extraordinary circumstances injured party
3906 E. Pikes Peak Ave.
Colorado Springs, CO 80909

Signed ___William W. Dunlap___